# Exhibit E



1(858) 458-3014
elizabethbrann@paulhastings.com

August 28, 2020                                                                                                           98263.00029

**VIA E-MAIL**

**CONFIDENTIAL**

Cody Lejeune
Lejeune Law, P.C.
2801 Camino Del Rio South, Suite 200A
San Diego, CA 92108
(985) 713-4964
cody@lejeunelawfirm.com

Re:     *Vedanti Licensing Limited, LLC v. Google LLC,* Case No. 3:20-CV-01344-BEN-WVG

Dear Counsel:

The complaint you filed on behalf of Vedanti Licensing Limited, LLC ("Vedanti") in this action includes copies of, and excerpts from, several Post-It Notes written by Google's in-house counsel. These Post-It Notes were inadvertently provided to Vedanti Systems Ltd. ("VSL") and contain privileged and confidential Google information, including attorney work-product. Upon coming into possession of the Post-It Notes, you were required under California attorney ethics law to refrain from examining the notes any more than necessary, immediately notify Google that you were in possession of its potentially-privileged material, and take no further action until the issue was resolved. Your decision to instead incorporate the Post-It Notes into your client's publicly-filed complaint amounts to a clear violation of these ethical obligations.

For the reasons detailed below, Google requests that you immediately (1) file a motion to withdraw Vedanti's complaint with a corresponding request that the complaint be removed from the docket; (2) return the original Post-It Notes (and all copies thereof in your or your client's possession) to Google; and (3) cease any further disclosure of the contents of the Post-It Notes or any other confidential Google materials in your or your client's possession.

This is not the first time that your client has sought to improperly leverage the Post-It Notes against Google. Google has raised this issue on at least five prior occasions—three times throughout 2011 when Google requested return of the notes from VSL, followed by at least twice in connection with a 2014 complaint filed by Max Sound, VSL, and VSL Communications Ltd. in Santa Clara County Superior Court that referenced the notes. Google informed the plaintiffs' attorneys in that case about the privileged nature of the notes, the circumstances surrounding their inadvertent disclosure to VSL, and your client's conduct following their disclosure. As a result, the attorneys agreed not to use the notes and dismissed the case, apparently recognizing that using the notes was a violation of the applicable ethical rules. This letter is Google's final attempt to resolve this issue before bringing it to the attention of the Court.

The moment you received the Post-It Notes from your client and learned that they were inadvertently disclosed, you had an obligation as a California-barred attorney to (1) refrain from examining the materials any more than necessary to ascertain potential privilege; (2) notify Google's attorneys that you were in possession of material that appeared to be privileged; and (3) seek resolution of the situation either by agreement with Google or by seeking guidance from the Court with the benefit of a protective

Paul Hastings LLP | 4747 Executive Drive | Twelfth Floor | San Diego, CA 92121
t: +1.858.458.3000 | www.paulhastings.com

Exhibit E
Page 63



Cody LeJeune
August 28, 2020
Page 2

order. *See Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 815-19 (2007) (affirming disqualification of attorney for failure to comply with ethical duty owed upon inadvertent receipt of attorney work product); *State Comp. Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644, 656-57 (1999) (outlining ethical obligation of California attorney who receives material that appears to be privileged due to the inadvertence of another); California Rules of Professional Conduct, Rule 4.4. This obligation arose regardless of how you—as Vedanti's attorney—obtained the Post-It Notes. *See McDermott Will & Emery LLP v. Superior Court*, 10 Cal. App. 5th 1083, 1092 (2017). Importantly, a "reasonable belief the privilege holder waived the privilege or an exception to the privilege applies does not vitiate [these duties]," and an attorney who fails to comply with these duties "assumes the risk of disqualification." *Id.* at 1092-93. To our knowledge, you took none of the required remedial measures, and instead proceeded to file Vedanti's complaint in this matter on a public docket—further disclosing Google's privileged and confidential information. Accordingly, it appears to us that you have failed to adhere to these ethical obligations.

**Privileged Nature of Materials**

A cursory reading of the content of the Post-It Notes plainly demonstrates that they are privileged. In fact, Vedanti acknowledges in the Complaint that Ms. Majerus is Google's in-house counsel (*see* Complaint ¶ 78) and that Ms. Majerus sent the Post-It Notes to Vedanti (*see id.* ¶ 87). Moreover, each of the Post-It Notes referenced in Vedanti's complaint refers to some aspect of legal analysis. Vedanti acknowledges that the Post-It Notes reflect Google's "deciding on a course of action with regard to dealing with infringed patented technology." *Id.* ¶ 90. Several Post-It Notes specifically refer to a risk of litigation, placing these materials squarely within the attorney work-product doctrine. *See, e.g., id.* ¶ 89(e); ¶ 89(g). Moreover, several of the Post-It Notes reflect the substance of privileged conversations with Google's in-house counsel, which are similarly protected by the attorney-client privilege.

**Inadvertent Disclosure**

There can be no legitimate dispute that the Post-It Notes were inadvertently disclosed by Google's in-house counsel to VSL (which was apparently followed by disclosure to Vedanti and, ultimately, to you). First, it is evident from the face of the Post-It Notes themselves that they refer to the internal analyses and reflect the mental impressions of Google's in-house counsel, which a reasonable recipient of the Post-It Notes would have immediately understood was not intended to be provided to VSL. Second, the Post-It Notes were provided to VSL interleaved among Google's return of "property belonging to VSL" following the conclusion of business discussions between Google and VSL—but the Post-It Notes were clearly *not* VSL property. Third, upon learning that the Post-It Notes were inadvertently provided to VSL, Google's in-house counsel promptly informed representatives of VSL that their disclosure was inadvertent and requested their return. Indeed, Google previously made at least *three separate demands* to VSL for return of the Post-It Notes, all of which were refused. In response, VSL representatives informed Google that they were not in possession of any Google confidential information; a representation that has ultimately proven false. Finally, had you inquired with your client about the circumstances through which the Post-It Notes were obtained, you likely would have learned that VSL representatives have long been aware that the Post-It Notes were inadvertently disclosed by Google, as evidenced by the fact that VSL previously sought to extort Google by threatening to disclose the Post-It Notes.

Thus, there can be no dispute that the Post-It notes are privileged and were inadvertently disclosed. Our sincere hope is that this letter and your evaluation of the facts will convince you to comply with Google's



Cody LeJeune
August 28, 2020
Page 3


requests. Please confirm by no later than September 1, 2020 your agreement to do so. Otherwise, Google will be forced to raise these issues directly with the Court.


Sincerely,

*/s/ Elizabeth L. Brann*

Elizabeth L. Brann
of PAUL HASTINGS LLP


ELB